1   KARL J. KRAMER (CA SBN 136433)
    ERIKA L. YAWGER (CA SBN 234919)
2   MORRISON & FOERSTER LLP
    755 Page Mill Road
3   Palo Alto, California  94304-1018
    Telephone: (650) 813-5600
4   Facsimile: (650) 494-0792
    kkramer@mofo.com
5
    Attorneys for Plaintiff
6   SYNAPTICS INCORPORATED

7
    YITAI HU (CA SBN 248085)
8   SEAN P. DEBRUINE (CA SBN 168071)
    AKIN GUMP STRAUSS HAUER & FELD, LLP
9   Two Palo Alto Square
    3000 El Camino Real, Suite 400
10  Palo Alto, CA 94306
    Telephone: (650) 838-2000
11  Facsimile: (650) 838-2001
    sdebruine@akingump.com
12
    Attorneys for Defendant
13  ELANTECH DEVICES CORP.

14

15                  UNITED STATES DISTRICT COURT

16                 NORTHERN DISTRICT OF CALIFORNIA

17                    SAN FRANCISCO DIVISION

18

19  SYNAPTICS INCORPORATED, a Delaware        Case No.    CV 07 6434 CRB
    corporation,
20                                            **JOINT CASE MANAGEMENT
                    Plaintiff,                STATEMENT AND [PROPOSED]
21                                            ORDER**
          v.
22                                            Date:  April 11, 2008
    ELANTECH DEVICES CORP., a corporation     Time: 8:30 a.m.
23  existing under the laws of Taiwan, R.O.C.,  Courtroom 8, 19th Floor
                                              Hon. Charles R. Breyer
24                  Defendant.

25

26

27

28

  
**INTRODUCTION**

Pursuant to Civ. L.R. 16-10(d), lead counsel for the parties in this action met and conferred on March 19, 2008, for the purposes specified in Fed. R. Civ. P. 26(f), Civ. L.R. 16-8 and 16-9, and ADR Local Rule 3-5(a), as applicable to this action.  Pursuant to that meet and confer, the parties hereby submit this Joint Case Management Statement.

## I.      JURISDICTION AND SERVICE

This is a case for patent infringement, and this Court properly has subject matter jurisdiction over patent disputes.  The parties do not believe there are any personal jurisdiction or venue issues.  Elantech has been served, and no other party remains to be served.

## II.     FACTS AND LEGAL ISSUES

### A.      Brief Description of Events Underlying the Action:

This case involves a claim for patent infringement filed by Synaptics, Inc. ("Synaptics").  At issue in this case is one patent held Synaptics, United States Patent No. 7,109,978 ("the '978 patent").  The '978 patent relates to technology used in touchpads for computers and other devices.

### 1.      Elantech's Statement

Elantech is a leader in the research, development, and marketing of input devices, including touchpad devices that are used in a variety of electronic products, such as laptop computers and keyboards.  Over the past several years, Elantech has steadily increased its share of the market for these products.  Synaptics responded to this competition from Elantech by threatening, and in some instances filing, baseless patent infringement suits against Elantech's customers.  In addition to its allegations of infringement, Synaptics' communications with Elantech's customers and potential customers were marked by Synaptics' materially false and misleading statements.

Synaptics initiated this litigation by suing Elantech based upon the '978 Patent, which Synaptics asserts covers multiple finger detection.  Elantech has not yet responded to Synaptics' complaint and will not set forth all its defenses at this time except to state that Elantech does not use the technology claimed in the '978 Patent.

1    Elantech and Synaptics are also currently involved in related litigation concerning United

2    States Patent No. 5,825,352 ("the '352 patent").  Elantech is the owner of the '352 patent that

3    covers the technology of scanning the touch sensors in touchpad devices to detect the use of

4    multiple fingers.  The patent discloses an invention that provides substantial improvement over

5    the earlier generations of the touchpad devices, including the multiple finger detection method

6    disclosed in the '978 patent.

7                    **2.    Synaptics' Statement**

8    Synaptics is the leading developer in the world of touchpad technology for personal

9    devices, such as notebook computers.  Since the early 1990's, Synaptics has been on the cutting

10   edge of technology development for touchpads.  Synaptics now holds many fundamental patents

11   covering basic touchpad technology, including United States Patent No. 7,109,978 ("the '978

12   patent").  This patent covers several functions of modern computer touchpads, including multiple

13   finger detection functions.  Elantech, a Taiwanese company, is a late-comer to the market.

14   Synaptics believes that Elantech copied these patented features so that Elantech can underbid

15   Synaptics in the market.  Since at least June 2007 Elantech has been on actual notice of its

16   infringement of Synaptics' '978 patent.  Since that time, Synaptics has attempted to reach a good-

17   faith resolution of the problem, to no avail.

18   Elantech and Synaptics are also currently involved in related litigation concerning a patent

19   Elantech acquired from Logitech, a U.S. company.  Elantech has admitted in filings made in this

20   related litigation that it practices the inventions claimed in its asserted "multiple finger detection"

21   patent.

22                    **B.    Principal Factual Issues in Dispute:**

23   Although the parties reserve the right to assert other disputes as they may arise in this

24   litigation, the parties are presently aware of the following principal disputes of fact.  Inclusion in

25   this list does not prevent either party from asserting that one or more of the included disputes is

26   not an issue of fact.

27

28

1) Does Elantech infringe directly or indirectly (by contributory or inducing infringement) any claim of the '978 patent, either literally or under the doctrine of equivalents?

2) Is any claim of the '978 patent invalid or unenforceable?

3) If any claim of the patents is found valid and enforceable, and infringement is found, what is the appropriate measure of damages?

4) Is Synaptics entitled to lost profits damages?

5) If any valid claim is found to be infringed, was such infringement willful?

6) Did Synaptics provide written notice of, or mark substantially all of its products with the '978 patent number and to what extent, if any, is Synaptics entitled to request damages prior to suit?

**C.    Principal Legal Issues in Dispute:**

Although the parties reserve the right to assert other disputes as they may arise in this litigation, the parties are presently aware of the following principal disputes of law.  Inclusion in this list does not prevent either party from asserting that one or more of the included disputes is not an issue of law.

1) What is the proper construction of the claims of the patent?

2) Are any or all of the claims of the '978 patent invalid for failure to comply with the provisions of 35 U.S.C. §§ 102, 103 or 112?

3) Does prosecution history estoppel preclude a finding of infringement?

4) Does prosecution laches preclude a finding of infringement?

5) Is Synaptics entitled to enhanced damages?

6) Is Synaptics entitled to a permanent injunction?

7) Is Synaptics entitled to an award of costs and pre- and post-judgment interest?

8) Is Synaptics entitled to its attorneys' fees under the "exceptional case" provisions of 35 U.S.C. section 285?

9) Is Elantech entitled to its attorneys' fees under the "exceptional case" provisions of 35 U.S.C. section 285?

III.    **MOTIONS**

There have been no motions filed in this action to date.  The parties anticipate filing motions for summary judgment concerning patent infringement and patent validity.

IV.    **AMENDMENT OF PLEADINGS**

The parties do not presently anticipate needing to amend the pleadings to join additional parties, or modify the claims or defenses in this action.

V.    **EVIDENCE PRESERVATION**

Synaptics has issued litigation hold notices to employees it has identified as having information potentially relevant to patent litigation with Elantech concerning multiple finger detection on touchpad devices.  In addition, Synaptics has collected and preserved electronic information that could be potentially relevant to this litigation, and has taken steps to ensure that any routine document-destruction programs and ongoing routine erasures of electronic material do not affect information potentially relevant to the issues in this litigation.

Elantech has taken steps to preserve documents that may be relevant to the claims and any counterclaims in the case.

VI.    **DISCLOSURES**

Plaintiff and Defendants agree that they will exchange the initial disclosures required by Fed. Rule Civ. P. 26(a)(1), on or before **May 2, 2008**.

VII.    **DISCOVERY**

No discovery has been taken in this action to date.  The parties agree that the limits on discovery established by the Federal Rules of Civil Procedure shall be modified as follows:

1)    The limit set by Fed. R. Civ. P. 30(d)(2) for the duration of a deposition to a single day of seven (7) hours, absent a court order or stipulation, shall be modified to permit Elantech and Synaptics each to take a <u>total</u> of 60 hours of deposition testimony, up to 35 hours of which may consist of testimony taken pursuant to Fed. R. Civ. P. 30(b)(6).  This limit on deposition testimony shall not apply to depositions of expert witnesses identified by each party pursuant to Fed. R. Civ. P. 26(b).

(2)    The limit set by Fed. R. Civ. P. 33 on the number of interrogatories that may be propounded shall be modified to permit a total of 35 interrogatories to be propounded by each party.

(3)    No party to this action may serve more than 35 document requests.

## VIII.    RELATED CASES

On January 18, 2008, Judge Breyer ordered this case related to *Elantech Devices Corp. v. Synaptics, Inc., Averatec, Inc., and Prostar Computer, Inc.*, Case No. 3:06 CV-01839 CRB.

## IX.    RELIEF

Synaptics seeks judgment that Elantech has infringed and induced infringement of the '978 patent; preliminarily and permanent injunction against Elantech, their officers, directors, employees, agents, servants, successors and assigns, and any and all persons and entities acting in privity or concert with them from further infringement, inducement of infringement, and/or contributory infringement of the '978 patent; damages in an amount adequate to compensate Synaptics for Elantech's infringement and inducement of infringement of the '978 patent, but in no event less than a reasonable royalty under 35 U.S.C. § 284; increased damages, pursuant to 35 U.S.C. § 284, in an amount not less than three times the amount of actual damages awarded to Synaptics, by reason of Elantech's willful infringement of the '978 patent; interest on damages awarded and its costs pursuant to 35 U.S.C. § 284; declaration this an exceptional case, with respect to the patent infringement claims, and award Synaptics its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285; and prejudgment interest.

## X.    SETTLEMENT AND ADR

The parties have made no active attempts to engage in settlement negotiations to date with respect to this specific matter.  Pursuant to ADR L.R. 3-5, the parties have met and conferred concerning ADR, and have filed their joint ADR Certification.  The parties have been unable to reach an agreement as to an ADR process, so they filed a "Notice of Need for ADR Phone Conference" pursuant to ADR 3-5(c).

The parties cannot presently identify any key discovery motions necessary to position the parties to negotiate a resolution.

**XI.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent to the assignment of the action to a U.S. Magistrate Judge.

**XII.    OTHER REFERENCES**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XIII.    NARROWING OF ISSUES**

The parties are not yet able to narrow the issues in the case but will meet and confer to determine whether the issues can be narrowed.

**XIV.    EXPEDITED SCHEDULE**

The parties do not believe that this case can be handled on an expedited basis with streamlined procedures.

**XV.    SCHEDULING**

In the related action, the Court deferred setting a trial date until after claim construction was complete.  If the Court prefers to set a trial date at this time, the parties request that trial in this action be set for **June 24, 2009**.  The parties acknowledge that this trial date, as well as the proposed dates that follow the Claim Construction Hearing, may need to be changed depending on the date the Court issues its Claim Construction Ruling and subject to the Court's availability.

The parties request that the Court adopt the following case management schedule and deadlines:

(a) Initial Case Management Conference:  **April 11, 2008**

(b) Each party to serve Local Patent Rule 3-1 and 3-2 Disclosures:  **April 21, 2008**

(c) FRCP 26 Initial Disclosures:  **May 2, 2008**

(d) Each party to serve Local Patent Rule 3-3 and 3-4 Disclosures:  **June 5, 2008**

(e) Each Parties to exchange Local Patent Rule 4-1 Disclosures:  **June 16, 2008**

(f) Each party to exchange Local Patent Rule 4-2 Disclosures, including claim construction expert reports:  **July 7, 2008**

(g) Each party to exchange rebuttal claim construction expert reports: **July 25, 2008**

1      (h) Parties to file Local Patent Rule 4-3 "Joint Claim Construction and Prehearing

2          Statement:" **August 4, 2008**

3      (i) Claim construction discovery cut-off per Local Patent Rule 4-4: **September 3, 2008**

4      (j) Opening claim construction brief for each party asserting patent(s): **September 19, 2008**

5      (k) Responsive claim construction briefs: **October 3, 2008**

6      (l) Reply claim construction briefs: **October 10, 2008**

7      (m) Claim Construction Hearing: **October 24, 2008**

8      (n) Discovery Cut-Off (fact discovery): **February 6, 2009**

9      (o) Parties to exchange expert witness FRCP 26(a)(2)(B) reports: **February 20, 2009**

10      (p) Parties to exchange rebuttal FRCP 26(a)(2)(B) reports: **March 13, 2009**

11      (q) Discovery Cut-Off (expert discovery): **March 27, 2009**

12      (r) Last day to file dispositive motions: **April 10, 2009**

13      (s) Last day to hear dispositive motions: **May 15, 2009**

14      (t) Parties to serve motions in limine: **May 29, 2009**

15      (u) Parties to serve oppositions to motions in limine: **June 8, 2009**

16      (v) Pursuant to the Court's Guidelines for Trial and Final Pretrial Conference, the parties shall

17          file a Joint Proposed Final Pretrial Order, a joint set of proposed jury instructions,

18          memoranda of law in support of each disputed instruction, a joint special verdict form, a

19          joint set of proposed voir dire questions, any motions in limine together with their

20          respective oppositions, and the parties respective trial briefs, if any: **June 12, 2009**

21      (w) Final Pretrial Conference: **June 26, 2009**

22      (x) Trial: **June 29, 2009**

23      **XVI.   TRIAL**

24          The case will be tried to a jury.  The parties anticipate that the trial will last for 5 trial

25  days.

26      **XVII.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

27          In its complaint, Synaptics filed its "Certificate of Interested Entities or Persons" which

28  stated that Elan Microelectronics Corp., apparently a Taiwanese company, may be "non-party

1  interested entities," under the provisions of Civil L.R. 3-16.  There is no other such interest to

2  report.

3      XVIII. MISCELLANEOUS PROVISIONS

4          A.    Protective Order

5          The parties are currently negotiating and agree to submit a Stipulation and Proposed Order

6  Governing Protection of Confidential Documents Produced.

7          B.    Service of Court Filings:

8          All documents filed with the Court shall be filed electronically on the ECF website and

9  service shall be accomplished consistent with the procedures in General Order No. 45.  In the

10  event that the ECF system is unavailable, service of court filings shall be accomplished as

11  follows:  (a) pleadings, motions and briefs shall be served by facsimile or e-mail on the day of

12  filing with overnight delivery the same day of a complete copy of the pleading, motion or brief,

13  and any supporting documents, including exhibits; or (b) any filing may be served by hand on the

14  same day as filing.

15          C.    Service of Documents Not Filed With The Court:

16          For documents not simultaneously filed with the Court, such as discovery requests and

17  responses thereto (other than items being produced as discovery), counsel for the parties shall

18  serve all papers on each other by electronic mail no later than 6 p.m. Pacific Time on the day of

19  service, with overnight delivery of the document and any supporting materials, unless the parties

20  mutually agree otherwise.

21      XIX.   MODIFICATION OF THIS ORDER:

22          The parties reserve the right to seek Court modification of this Order.

23

24

25

26

27

28

1    Dated:  April 2, 2008                    KARL J. KRAMER
                                             ERIKA L. YAWGER
2                                            MORRISON & FOERSTER LLP

3

4                                    By:    s/Karl J. Kramer
                                            Karl J. Kramer
5                                           Email: Kkramer@mofo.com

6                                           Attorneys for Plaintiff
                                            SYNAPTICS INCORPORATED
7

8    Dated:  April 2, 2008                    YITAI HU
                                             SEAN P. DeBRUINE
9                                            AKIN GUMP STRAUSS HAUER & FELD LLP

10

11                                   By:    s/Sean P. DeBruine
                                            Sean P. DeBruine
12                                          Email: Sdebruine@akingump.com

13                                          Attorneys for Defendant
                                            ELANTECH DEVICES CORP.
14

15        **PURSUANT TO STIPULATION, IT IS SO ORDERED**.

16

17   Dated:  _____    _____
18                                           CHARLES R. BREYER
                                             UNITED STATES DISTRICT JUDGE
19

20        I, Karl J. Kramer, am the ECF User whose ID and password are being used to file this

21   **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER.**  In

22   compliance with General Order 45, X.B., I hereby attest that Sean P. DeBruine has concurred in

23   this filing.

24        Dated:  April 2, 2008          MORRISON & FOERSTER LLP

25

26                                   By:    s/Karl J. Kramer
                                            Karl J. Kramer
                                            Email Kkramer@mofo.com
27

28                                          Attorney for Plaintiff
                                            SYNAPTICS INCORPORATED