1  Yitai Hu (SBN 248085) (yhu@akingump.com)
   Sean P. DeBruine (SBN 168071) (sdebruine@akingump.com)
2  Hsin-Yi Cindy Feng (SBN 215152) (cfeng@akingump.com)
   AKIN GUMP STRAUSS HAUER & FELD LLP
3  2 Palo Alto Square
   3000 El Camino Real, Suite 400
4  Palo Alto, California  94306
   Telephone:       650-838-2000
5  Facsimile:       650-838-2001

6  Attorneys for Defendant
   ELANTECH DEVICES CORPORATION
7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12 | SYNAPTICS INCORPORATED,            ) Case No. CV 07-06434 CRB
                                        )
13 |        Plaintiff,                  ) **ELANTECH'S ANSWER TO SYNAPTICS'**
                                        ) **COMPLAINT FOR PATENT**
14 |   v.                               ) **INFRINGEMENT AND DEMAND FOR**
                                        ) **JURY TRIAL; ELANTECH'S**
15 | ELANTECH DEVICES CORPORATION,      ) **COUNTERCLAIMS**
                                        )
16 |        Defendant.                  )
                                        )
17 |_____ )

---

**ELANTECH'S ANSWER TO SYNAPTICS' COMPLAINT AND
DEMAND FOR JURY TRIAL**                                    **CASE NO. CV 07-06434 CRB**

Defendant Elantech Devices Corporation ("Elantech"), for its Answer to Plaintiff Synaptics, Inc.'s ("Synaptics") Complaint, hereby states as follows:

## NATURE OF THE ACTION

1. Admitted.

## PARTIES

2. Elantech is without sufficient information to admit or deny the allegations of Paragraph 2 and on that basis denies them.

3. Admitted.

## JURISDICTION AND VENUE

4. Admitted.

5. Elantech does not dispute venue of this matter in this judicial district. Elantech denies that it has committed acts of infringement in this judicial district.

## SYNAPTICS' PATENT

6. Elantech admits that U.S. Patent No. 7,109,978 ("the '978 patent") is entitled "Object Position Detector With Edge Motion Feature And Gesture Recognition" and was issued by the United States Patent and Trademark Office on September 19, 2006. Elantech denies that a copy of the '978 patent is attached to Synaptics' Complaint For Patent Infringement and Demand for Jury Trial as Exhibit A. Elantech is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 6, and on that basis denies them.

7. Elantech is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and therefore denies the same.

8. Elantech admits that the '978 patent purports to cover alleged inventions relating to touch-pad systems and that such systems may be used in laptop and notebook computers. Except as expressly admitted, Elantech denies the allegations of paragraph 8.

## ALLEGATIONS REGARDING ELANTECH

9. Elantech admits that it manufactures electronic products including touch pads outside the United States and denies the remaining allegations of Paragraph 9.

10. Elantech admits that Synaptics identified the '978 patent as alleged prior art to Elantech's U.S. Patent No. 5,825,352 in October, 2006. Except as expressly admitted, Elantech denies the remaining allegations of this paragraph and denies that it was given actual notice of Synaptics' infringement allegations for purposes of 35 U.S.C. § 287.

11. Elantech admits that it conducts activities with respect to electronic products including touch pads, with knowledge that third parties may use their respective United States contacts and distribution channels to import into, sell, offer for sale, and/or use these products in California and/or elsewhere in the United States. Elantech denies the remaining allegations of Paragraph 11.

## SYNAPTICS' CLAIM FOR RELIEF

12. Elantech incorporates by reference its answers to the allegations in Paragraphs 1-11 above.

13. Denied.

14. Denied.

15. Denied.

## SYNAPTICS' PRAYER FOR RELIEF

Elantech denies that Synaptics is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Elantech pleads the following as affirmative defenses to Synaptics' Complaint for Patent Infringement.

### First Affirmative Defense
### (Failure To State A Claim)

16. Synaptics fails to allege facts sufficient to state a claim for relief against Elantech in its pleadings.

2

**Second Affirmative Defense**

**(Non-infringement)**

17.     Elantech has not infringed and does not directly, contributorily, or by inducement infringe (either literally or under the doctrine of equivalents) any valid and enforceable claim of any of the '978 patent.

**Third Affirmative Defense**

**(Invalidity)**

18.     The claims of the '978 patent are invalid and/or unenforceable because they fail to satisfy one or more of the requirements of Title 35, U.S. Code, at least in Sections 102, 103, and/or 112.

**Fourth Affirmative Defense**

**(Prosecution Laches)**

19.     Synaptics' claims for relief are barred in whole or in part by unreasonable and unexplained delay in prosecuting the patent applications leading to the issuance of the '978 patent.

**Fifth Affirmative Defense**

**(Prosecution History Estoppel)**

20.     Synaptics is estopped from construing any claim of the '978 patent to cover or include, either literally or by application of the doctrine of equivalents, any method or product manufactured, used, imported, sold or offered for sale by Elantech because of admissions and statements to the U.S. Patent and Trademark Office or amendments to the claims during prosecution of the applications leading to the issuance of the '978 patent.

**Sixth Affirmative Defense**

**(Laches/Estoppel)**

21.     Synaptics' claims for relief are barred in whole or in part by the doctrine of laches and/or equitable estoppel.

### Seventh Affirmative Defense

### (No Injunctive Relief)

22. To the extent that Synaptics is entitled to any relief, its remedies at law are adequate, such that equitable relief would be inappropriate. Synaptics will not suffer any allegedly irreparable or inadequately compensable damages. Upon information and belief, Synaptics cannot meet the requirements for the entry of any injunction in this case.

### Eighth Affirmative Defense

### (Limitation of Damages)

23. Upon information and belief, the proof at trial may show that the damages sought by Synaptics are barred in whole or in part because of Synaptics' failure to comply with 35 U.S.C. § 287(a).

### Ninth Affirmative Defense

### (Unavailability of Relief – Enhanced Damages)

24. Synaptics has failed to plead and meet the requirements for enhanced damages.

### COUNTERCLAIMS

Elantech asserts the following counterclaims against Synaptics:

25. Elantech re-alleges and incorporates by reference its responses and allegations as set forth herein in Paragraphs 1 through 24 above.

### JURISDICTION

26. This Court has subject matter jurisdiction of these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367, under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and pursuant to Fed. R. Civ. P. 13. In addition, this Court has original jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.

27. Synaptics has commenced a civil action for infringement of the '978 patent by filing

its Complaint for Patent Infringement and Demand for Jury Trial. As a consequence, there is an actual justiciable controversy between Elantech and Synaptics concerning whether Elantech infringes any valid and enforceable claim of the '978 patent.

28. This Court has personal jurisdiction over Synaptics because, *inter alia*, Synaptics has submitted itself to the jurisdiction of this Court.

29. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

30. As a result of Synaptics' counterclaims of infringement there exists an actual case or controversy between the parties regarding the '978 patent.

### First Claim

### (Declaratory Relief)

31. Elantech hereby incorporates by reference the allegations set forth in Paragraphs 25 through 30 above.

32. Elantech has not infringed and does not directly, contributorily, or by inducement infringe (either literally or under the doctrine of equivalents) any valid and enforceable claim of any of the '978 patent.

33. One or more claims of the '978 patent are invalid for failure to comply with one or more requirements of Title 35, U.S. Code, including at least Sections 102, 103, and 112, and/or under applicable judicial precedent.

34. The '978 patent is unenforceable under the doctrine of prosecution laches.

35. Elantech is entitled to a judicial declaration that its products do not infringe any claims of the '978 patent, that one or more claims of the patents are invalid, and that the '978 patent is unenforceable.

### ELANTECH'S PRAYER FOR RELIEF

WHEREFORE, Elantech respectfully prays for the following relief and request that this Court:

1. Declare that Elantech has not infringed and currently is not infringing, whether directly, indirectly, contributorily, by inducement, literally, or under the doctrine of equivalents any claim of the '978 patent;

2.  Deny Synaptics' prayer for preliminary and permanent injunctions;

3.  Deny Synaptics' prayer for award of compensatory damages;

4.  Deny Synaptics' prayer for trebling of any and all damages;

5.  Deny Synaptics' prayer for interests and costs;

6.  Deny Synaptics' prayer for attorneys' fees and costs of the litigation;

7.  Deny Synaptics' prayer for prejudgment interest;

8.  Deny Synaptics' prayer for any other or further relief;

9.  Declare that the '978 patent is invalid;

10. Declare that the '978 patent is unenforceable;

11. Declare that this is an exceptional case under 35 U.S.C. § 285 and award attorneys fees to Elantech;

12. Grant such further relief as the Court deems just and proper.

Dated: April 7, 2008                Respectfully Submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP


By:_____/s/_____
             Sean P. DeBruine

Attorneys For Defendant
ELANTECH DEVICES CORPORATION

6

**ELANTECH'S ANSWER TO SYNAPTICS' COMPLAINT AND
DEMAND FOR JURY TRIAL**                                **CASE NO. CV 07-06434 CRB**

# DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Elantech respectfully demands a trial by jury on all issues so triable.

Dated: April 7, 2008

Respectfully Submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____/s/_____
        Sean P. DeBruine

Attorneys For Defendant
ELANTECH DEVICES CORPORATION

6223265

7