1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11

12  | SYNAPTICS INCORPORATED, a Delaware | Case No.   CV 07 6434 CRB
    | corporation,
13  |                                    | **STIPULATED PROTECTIVE**
    |                Plaintiff,          | **ORDER**
14  |
    |       v.
15  |
    | ELANTECH DEVICES CORP., a corporation
16  | existing under the laws of Taiwan, R.O.C.,
17  |                Defendant.

STIPULATED PROTECTIVE ORDER
CASE NO. CV-07 6434 CRB
pa-1256192

1    WHEREAS, the parties believe that certain information that may be divulged in this
2 litigation is likely to contain confidential research, development, or commercial information as
3 contemplated by Rule 26(c) of the Federal Rules of Civil Procedure;

4    WHEREAS, the parties believe that such information may be relevant to the subject
5 matter involved in the pending action within the meaning of Rule 26(a),(b) of the Federal Rules
6 of Civil Procedure;

7    WHEREAS, the parties believe that it would serve the interests of the parties to
8 conduct discovery under a protective order pursuant to Rule 26(c) of the Federal Rules of
9 Civil Procedure; and

10   WHEREAS, the parties acknowledge that the requested protective order does not
11 confer blanket protections on all disclosures or responses to discovery and that the protection
12 it affords extends only to the limited information or items that are entitled under the applicable
13 legal principles to treatment as confidential.  The parties further acknowledge that this
14 Protective Order creates no entitlement to file confidential information under seal; Northern
15 District Local Rules set forth the procedures that must be followed and reflects the standards
16 that will be applied when a party seeks permission from the Court to file material under seal.

17   IT IS HEREBY STIPULATED AND AGREED, by and between Synaptics
18 Incorporated ("Synaptics") and Elantech Devices Corporation ("Elantech") through their
19 respective counsel, that the following Stipulated Protective Order ("Stipulated Protective
20 Order") may be entered by the Court pursuant to Local Rule 7-12 to give effect to the
21 stipulations set forth below:

22 1.0    <u>Definitions</u>.

23    1.1   "Designating Party" means any party or any non-Party producing documents or
24         information that is designated under this Stipulated Protective Order.

25    1.2   "Receiving Party" means any party receiving documents or information
26         designated under this Stipulated Protective Order.

27    1.3   "Confidential Information" means a Document or information that has not been
28         made public and that a Designating Party believes to be of a proprietary

STIPULATED PROTECTIVE ORDER
CASE NO. CV-07 6434 CRB
pa-1256192

1

1    business or technical nature, the disclosure of which is likely to have the effect
2    of causing harm to the competitive position of the person, firm, partnership,
3    corporation, or other organization from which the information was obtained.
4    1.4    "Highly Confidential Code" means a Document or information that qualifies as
5    Confidential Information and constitutes or contains any electronic or computer
6    code, including, but not limited to software, firmware, source code, object code,
7    listing files generated by compilers or assemblers, intermediate files created
8    during the build process, test programs and scripts, test results, and source or
9    object code for associated tools (hereinafter "Code").
10   1.5    "Document" shall have the meaning ascribed to it in Rule 34(a), Federal Rules
11   of Civil Procedure.
12   1.6    "Employee(s)" means all permanent employees and those temporary personnel
13   who are providing legal, secretarial, clerical and/or administrative services only.
14   2.0  Designation of Confidential Information and Highly Confidential Code
15   2.1    Each Designating Party who produces or discloses any material that the
16   Designating Party reasonably believes to comprise or contain Confidential
17   Information or Highly Confidential Code may designate the same
18   CONFIDENTIAL -- ATTORNEYS' EYES ONLY or HIGHLY
19   CONFIDENTIAL CODE.
20   2.2    Documents may be designated as CONFIDENTIAL -- ATTORNEYS' EYES
21   ONLY or HIGHLY CONFIDENTIAL CODE by clearly marking the
22   Documents, prior to providing copies thereof to a Receiving Party.
23   2.3    A Designating party that inadvertently fails to mark information as
24   CONFIDENTIAL -- ATTORNEYS' EYES ONLY or HIGHLY
25   CONFIDENTIAL CODE at the time of production shall be allowed to correct
26   such failure at any time. In that event, the Designating Party shall provide
27   notice in writing to all Receiving Parties, accompanied by appropriately marked
28   substitute copies of such information. Upon receipt of such notice, a Receiving

1  Party will take appropriate steps to assure that the previously unmarked
2  Confidential Information or Highly Confidential Code is treated as Confidential
3  from that time forward pursuant to the terms of this Stipulated Protective Order.
4    2.4  An answer to a request for written discovery responses may be designated as
5  Confidential Information by denoting the answer or a portion thereof
6  CONFIDENTIAL -- ATTORNEYS' EYES ONLY or HIGHLY
7  CONFIDENTIAL CODE.
8    2.5  A deposition transcript or portion thereof may be designated as Confidential
9  Information by making such designation on the record. Counsel attending a
10 deposition who elects not to designate any portion of the transcript as
11 CONFIDENTIAL -- ATTORNEYS' EYES ONLY or HIGHLY
12 CONFIDENTIAL CODE on the record shall have ten (10) business days
13 following the receipt of the transcript from the court reporter to make such
14 designation. Notice thereof shall be made in writing to the reporter, with copies
15 to all counsel, designating the portions of the transcript that contain Confidential
16 Information or Highly Confidential Code and directing the reporter to mark that
17 portion of the transcript accordingly.
18 3.0 <u>Disclosure of Confidential Information or Highly Confidential Code</u>.
19   3.1  In the absence of written permission from the providing party or an order from
20 the Court, Confidential Information or Highly Confidential Code may only be
21 disclosed to the following persons:
22       3.1.1  Outside counsel for any party to this litigation and all necessary
23 secretarial, clerical and paralegal personnel assisting such counsel,
24 except that such Confidential Information or Highly Confidential Code
25 shall not be disclosed to any attorney involved in prosecuting patent
26 applications relating in any way to touch pad technology.
27       3.1.2  Qualified persons transcribing or memorializing testimony involving
28 Confidential Information or Highly Confidential Code and their

STIPULATED PROTECTIVE ORDER
CASE NO. CV-07 6434 CRB
pa-1256192

3

1                     Employees whose duties require access to Confidential Information or

2                     Highly Confidential Code;

3         3.1.3   Independent experts and/or consultants retained by counsel for a party to

4                     this litigation subject to Section 4.0 of this Stipulated Protective Order.

5         3.1.4   Any deposition witness who (1) previously had access to the

6                     Confidential Information or Highly Confidential Code; (2) was

7                     employed by the Designating Party at the time the Confidential

8                     Information or Highly Confidential Code was created, in a position to

9                     know that information or code; (3) is, at the time of the deposition,

10                   employed by the Designating Party, or (4) is an independent expert or

11                   consultant qualified to receive Confidential Information or Highly

12                   Confidential Code under Section 4.0 of this Stipulated Protective Order.

13         3.1.5   The Court and the Court's staff.

14    3.2   No persons specified in Section 3.1.1 or 3.1.3 shall have access to Confidential

15         Information without having first read, acknowledged and agreed in writing (in

16         the form attached hereto as Exhibit A) to be bound by this Stipulated Protective

17         Order.  A file of all such written acknowledgment shall be kept by the Party

18         obtaining them.  With respect to persons specified in Section 3.1.3, copies of

19         such written acknowledgments shall be provided to all counsel of record as

20         provided in Section 4.0 of this Stipulated Protective Order.  Persons who are

21         permitted access to Confidential Information under this Stipulated Protective

22         Order solely for clerical or administrative purposes, and who do not retain

23         copies or extracts thereof, are not required to execute written acknowledgments.

24    3.3   In the absence of written permission from the providing party or an order from

25         the Court, Highly Confidential Code may only be disclosed to the persons

26         identified in paragraph 3.1.1 and 3.1.3 herein and may be disclosed only under

27         the following conditions and circumstances:

28

STIPULATED PROTECTIVE ORDER
CASE NO. CV-07 6434 CRB
pa-1256192

4

   3.3.1 Outside counsel for the party to whom Highly Confidential Code is produced may have at most two copies of each Code CD produced hereunder. One of the two CD's held by outside counsel for the party to whom Highly Confidential Code is produced may be provided to an expert qualified under the provisions of paragraphs 3.1 and 3.2 herein for any one period not to exceed 21 days, after which the CD must be returned to such outside counsel. Code, whether stored on a CD or in printed form, shall be maintained in a secure, locked location that requires a key or combination access that only outside counsel or the expert referenced in this paragraph possess.

   3.3.2 Code may be accessed only from CDs on a password-protected computer under the exclusive control of the expert or outside counsel. (Permitted access to such Code includes the necessary electronic copying of the Code incident to accessing it on a computer.) Such computer must have a time-out function to be activated after no more than ten minutes of inactivity. Such computer must be non-networked, that is, it must be detached from internet, intranet, Ethernet, WAN, LAN or other network of any kind. One-stand-alone printer may be attached to the non-networked computer subject to the limitations on printing the Code provided in subsection 3.3.4. Code may not be copied, transmitted, saved or electronically duplicated in any way except as provided herein. All such access to the Code CD shall be documented in a log showing for each copy of Code, each person given possession of the copy and the dates of such possession.

   3.3.3 Printing of Code produced hereunder is permitted only with a contemporaneously generated or applied label indicating that the printed material is "Restricted and Highly Confidential Code Subject to Protective Order" on each page. The party printing the Code shall

    maintain a log of what specific Code is printed, how many printed copies are made, the purpose for making each copy, and in whose possession each printed copy is maintained.

  3.3.4 Unless otherwise provided herein, Code produced hereunder may be printed or otherwise copied only in connection with preparation or filing of motions or other papers filed with the Court or exchanged among the parties, used at deposition, or designated for use or used at hearing or trial, or otherwise required by the Court. Excerpts of Code produced hereunder may also be copied pursuant to this paragraph for the purpose of inclusion in or as exhibits to pleadings filed by or exchanged between the parties. A printed copy of excerpts of designated Code may be used for annotation by an expert referred to in paragraph 3.3.2 above and such annotated copy shall be kept as provided in section 3.3.2. Any Code filed with the Court shall be filed under seal; any Code used at deposition shall be treated in accordance with all other applicable sections of this Stipulated Protective Order. Any other printed copies generated but not used shall be immediately shredded.

4.0 <u>Qualification of Independent Experts or Consultants.</u>

 4.1 **Notice of Proposed Disclosure:** Not less than seven (7) business days prior to the initial disclosure of designated Confidential Information or Highly Confidential Code to any person falling under the provisions of Section 3.1.3 of this Stipulated Protective Order, the Party proposing to make such disclosure shall serve (by facsimile and mail) the name, address, present employer and title, and a signed acknowledgment in the form of Exhibit A of the proposed recipient, as well as a copy of a current resume and list of engagements for the past five years, on the Designating Party.

 4.2 **Objection to Proposed Disclosure**: Within the period before disclosure of the Confidential Information or Highly Confidential Code to the proposed recipient,

1   the Party or non-Party whose Confidential Information or Highly Confidential
2   Code is concerned may serve (by facsimile and mail) a written objection to such
3   disclosure. Such an objection shall stay disclosure to the proposed recipient.
4   Failure to serve a written objection within seven (7) business days shall be
5   deemed approval of a proposed recipient.

    4.3   **Motion to Exclude Disclosure**: If a written objection is served pursuant to Section 4.2 and the objection is not resolved by the parties by meeting and conferring within five (5) business days of service of the written notice of objection described in Section 4.2, the party objecting to disclosure shall file a motion, to be heard on the earliest date available, with respect to such objection within ten (10) business days after service of the notice of objection. Failure to file such a motion shall be deemed approval of a proposed recipient. The disclosure of Confidential Information or Highly Confidential Code to such proposed person shall be withheld pending the ruling of the Court on any such motion.

5.0   <u>Procedure for Challenging Designations</u>.

    5.1   Information obtained during discovery and designated by the providing party as CONFIDENTIAL -- ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL CODE under this Stipulated Protective Order shall be deemed to be CONFIDENTIAL -- ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL CODE unless the Court rules that it is not. If, after meeting and conferring to discuss any dispute that arises due to any designation under this Order, the parties are unable to reach agreement, a party may move this Court for an Order that materials bearing a designation specified in Sections 2.1 through 2.5 hereof are improperly designated. In a motion, the party making the designation of Confidential Information or Highly Confidential Code shall have the burden of proving that the material in question is within the scope of

1      protection contemplated by Rule 26 of the Federal Rules of Civil Procedure and

2      this Stipulated Protective Order.

3  6.0 Procedure for Court Filings.

4    6.1 When Confidential Information or Highly Confidential Code is filed with the

5      Court, the party offering it must file the relevant materials under seal, and the

6      documents shall bear the words, CONFIDENTIAL -- ATTORNEYS' EYES

7      ONLY or HIGHLY CONFIDENTIAL CODE, and a statement substantially in

8      the following form:

> CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL CODE
> ATTORNEYS' EYES ONLY
> SUBJECT TO PROTECTIVE ORDER

      The statement shall also appear on the front page of any written material.

   6.2 Documents filed under seal pursuant to this Stipulated Protective Order shall be

     filed according to Civil Local Rule 79-5.

7.0 If Confidential Information or Highly Confidential Code is disclosed to any person other than in the manner authorized by this Stipulated Protective Order, the Party responsible for the disclosure must immediately inform the Designating Party of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information.

8.0 This Stipulated Protective Order is intended to regulate the handling of Confidential Information or Highly Confidential Code during the pretrial period of this litigation, and is not intended to regulate the handling of Confidential Information or Highly Confidential Code at trial, which is expected to be the subject of a further Stipulated Protective Order and/or appropriate court orders.  Nonetheless, this Stipulated Protective Order shall remain in force and effect until modified, superseded or terminated on the record by agreement of the parties hereto, by order of this Court, or pursuant to Section 9.0 of this Stipulated Protective Order.

STIPULATED PROTECTIVE ORDER
CASE NO. CV-07 6434 CRB
pa-1256192

8

1  9.0   Within thirty (30) days of the final termination of this litigation, each Party that is
        subject to this Stipulated Protective Order shall destroy or return to the providing party
        all items designated CONFIDENTIAL -- ATTORNEYS' EYES ONLY in accordance
        with Section 2.0 above, including all copies of such matter which may have been made,
        but not including pleadings or copies containing notes or other attorney work product
        that may have been placed there by counsel for the Receiving Party.  Outside counsel
        may retain all pretrial and trial records as are regularly maintained by outside counsel in
        the ordinary course of business, but such records shall be maintained confidential in
        accordance with this Stipulated Protective Order.  Upon the conclusion of this Action,
        the Receiving Party shall return the attorney copies of Highly Confidential Code to the
        Producing Party within 72 hours and shall shred any printed copies of such Highly
        Confidential Code that the receiving party has in its possession.

13  10.0  Documents produced by either Party in the related case, *Elantech Devices Corp. v.
        Synaptics, Inc., Averatec, Inc., and Prostar Computer, Inc.*, Case No. 3:06-CV-08139
        CRB, may be also be used by either Party in this case, *Synaptics Incorporated v.
        Elantech Devices Corporation*, Case No. CV-07 6434 CRB.  Any such Documents,
        including documents marked CONFIDENTIAL – ATTORNEYS' EYES ONLY or
        HIGHLY CONFIDENTIAL CODE, that were produced in the related case shall be
        handled in accordance with the provisions of this Stipulated Protective Order if used in
        this case.

Dated:  May 30, 2008                KARL J. KRAMER
                                    ERIKA L. YAWGER
                                    LAURA MASON
                                    MORRISON & FOERSTER LLP


                                    By:   s/Karl J. Kramer
                                          Karl J. Kramer

                                    Attorneys for Plaintiff
                                    SYNAPTICS INCORPORATED

STIPULATED PROTECTIVE ORDER
CASE NO. CV-07 6434 CRB                                                                9
pa-1256192

Dated: May 30, 2008

YITAI HU
SEAN P. DeBRUINE
AKIN GUMP STRAUSS HAUER
& FELD LLP

By: s/Sean P. DeBruine
Sean P. DeBruine

Attorneys for Defendant
ELANTECH DEVICES
CORPORATION

I, Karl J. Kramer, am the ECF user whose ID and password are being used to file this STIPULATED PROTECTIVE ORDER. In compliance with General Order 45, X.B., I hereby attest that SEAN P. DEBRUINE has concurred in this filing.

Dated: May 30, 2008

MORRISON & FOERSTER LLP

By: s/Karl J. Kramer
Karl J. Kramer
Attorneys for Plaintiff
SYNAPTICS INCORPORATED

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED

Dated: June 2, 2008

_____
The Honorable Charles R. Breyer
United States District Judge

*[Court seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED — Judge Charles R. Breyer]*

**EXHIBIT A**

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER OBLIGATIONS**

I _____, hereby acknowledge that I have read the Stipulated Amended Protective Order filed in the United States District Court for the Northern District of California, in Case No. CV 07 6434 CRB entitled *Synaptics Incorporated v. Elantech Devices Corporation*, and understand the terms thereof and agree to be bound thereby.

The undersigned further acknowledges and represents that I understand that materials documents and other information materials designated CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL CODE are deemed to be highly sensitive information by the party providing them. I will not disclose any such information except as authorized by the Stipulated Protective Order and will not copy or use any such information except for the purposes of assisting counsel in the above-referenced litigation.

The undersigned further acknowledges that he/she is subject to the jurisdiction of said court for the purposes of enforcement of the Stipulated Protective Order and may be adjudicated to be in contempt of court for violation of the Order.

I declare under penalty of perjury that the foregoing is true and correct, and that this Agreement is executed this day of \_\_\_\_\_ day of _____, 200\_, at

_____

_____